IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WISCHERMANN PARTNERS, INC.** | : | |
| **18322 Kylie Court** | : | |
| **Minnetonka, MN 55345** | : | |
| | : | **Case No.** |
| **Plaintiff,** | : | |
| | : | **Judge** |
| v. | : | |
| | : | |
| **PIZZUTI SHORT NORTH HOTEL, LLC** | : | |
| c/o Pizzuti Development, LLC | : | |
| **Two Miranova Place, Suite 220** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

1. This action arises out of Defendant's breach of the Hotel Management Agreement (the "Agreement") between Plaintiff Wischermann Partners, Inc. and Defendant Pizzuti Short North Hotel, LLC.

## THE PARTIES

2. Plaintiff, Wischermann Partners, Inc., is a Minnesota corporation.

3. Defendant, Pizzuti Short North Hotel, LLC, is an Ohio limited liability company.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1332, because the parties are citizens of different states and the matter in controversy exceeds $75,000 in value.

5. Venue is proper in this Court because the events giving rise to this action occurred in Franklin County, Ohio, where the hotel owned by Defendant and managed by Plaintiff is

located, and because the Agreement contains a venue provision specifying this Court as a proper venue for disputes arising out of the Agreement.

## BACKGROUND INFORMATION

6. On or about August 14, 2013, Plaintiff and Defendant entered into the Agreement, attached hereto as Exhibit 1.

7. Defendant is, and at all times relevant hereto was, the owner of a hotel operating under the name Le Meridien Columbus – the Joseph, located at 620 North High St., Columbus, Ohio 43215 (the "Hotel").

8. The Agreement called for Plaintiff to operate the Hotel during the initial Operating Term, which was the first ten years after the opening of the hotel.

9. The Agreement provided Defendant with the right to terminate the contract, at any time, without cause. [See Agreement, ¶ 2.2.] In the event, however, that Defendant should choose to terminate without cause, it was required to provide Plaintiff with ninety days written notice, and required to pay a termination fee. [Id.]

10. The Agreement also contemplates possible termination of Defendant by Plaintiff for cause. The Agreement states:

> Owner may terminate this Agreement by notice to Manager if Manager fails to perform any of Manager's obligations contained in this Agreement, and such failure continues for a period of thirty (30) days after notice to Manager setting out the failure in reasonable detail. If the failure is such that it cannot reasonably be cured within such thirty (30) days, Owner may not terminate this Agreement as long as Manager promptly begins the cure (and in any event within the thirty (30) days) and proceeds diligently and in good faith to accomplish the cure within sixty (60) days. Manager shall not be entitled to the Termination Fee if this Agreement is terminated as provided in this Section 17.1.
> [See Agreement, ¶ 17.1.]

11. Thus, if the Agreement is terminated for cause, Defendant is not required to pay Plaintiff a termination fee.

12. Under the Agreement, if Defendant believed that there was cause to terminate the Agreement, Defendant was required to provide Plaintiff with notice setting out Plaintiff's failure to meet any obligation in the Agreement, in reasonable detail, and an opportunity to cure.  [Id.]

13. Plaintiff's management of the Hotel during the entire term of the Agreement has been exceptional.  In terms of financial performance, reviews by customers, and industry reviews, the Hotel was a tremendous success under Plaintiff's management.

14. Defendant has terminated the Agreement.

15. Defendant did not have cause to terminate under the Agreement.

16. Plaintiff fully satisfied all of its management duties and obligations under the Agreement.

17. In addition, Defendant failed to set forth, in reasonable detail, any failure by Plaintiff to perform its obligations under the Agreement or an opportunity to cure any purported failure.

18. Plaintiff has suffered and will continue to suffer damages as a result of Defendant's misconduct.

## COUNT ONE:  BREACH OF CONTRACT

19. Plaintiff repeats and realleges the above allegations as if fully realleged here.

20. The Agreement constituted a valid contract between the parties.

21. Plaintiff fully performed all of its obligations under the Agreement, operating the Hotel with great success and to rave reviews.

22. Defendant has breached the contract in multiple ways, including but not limited to (1) terminating the Agreement without cause and without payment of the required termination

fee; and (2) claiming to terminate the Agreement for cause without providing the written notice and opportunity to cure required by the Agreement.

23. Plaintiff has suffered damages, in an amount in excess of $75,000, as a result of Defendant's breaches.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and requests the following relief:

A. Damages in an amount to be determined at trial;

B. Attorneys' fees and costs to prosecute this action;

C. Pre- and post-judgment interest; and

D. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ John C. Camillus
John C. Camillus, Trial Attorney     (0077435)
Law Office of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio  43214
(614) 992-1000
(614) 559-6731 (Facsimile)
jcamillus@camilluslaw.com

Attorney for Plaintiff